

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH KWAKU BOATENG, | No. 11-72044 |
| Petitioner, | Agency No. A087-454-482 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2016
San Francisco, California

Before: MELLOY,[**] CLIFTON, and WATFORD, Circuit Judges.

Joseph Kwaku Boateng appeals the district court's determination that he is

not a United States citizen, arguing that the Government failed to establish alienage

by clear, unequivocal, and convincing evidence, violated his Fourth Amendment

rights and 18 U.S.C. § 2511 by wiretapping phone calls he placed from a detention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

center, and violated his due process rights by failing to provide him his A-file before the district court proceedings. We have jurisdiction under 28 U.S.C. § 1291, and deny his petition for review.

The district court did not clearly err in determining that the Government met its evidentiary burden of establishing alienage by "clear, unequivocal, and convincing evidence." *Mondaca-Vega v. Lynch*, 808 F.3d 413, 420, 426 (9th Cir. 2015) (holding that the Government's burden to establish alienage by "clear, unequivocal, and convincing" evidence signifies the same intermediate standard as "clear and convincing" and that a district court's citizenship determination under 8 U.S.C. § 1252(b)(5)(B) is reviewed for clear error). To demonstrate that Joseph Boateng was born in Ghana, the Government offered: his father's application for lawful residence certifying Joseph was born in Accra, Ghana; his applications for a Social Security card and a replacement Social Security card listing Accra, Ghana, as his birthplace; his Texas identification card acquired through an application listing Koforidua, Ghana, as the applicant's birthplace; and a Form I-20 certificate of eligibility for nonimmigrant status filled out by a Tuskegee University admissions officer on behalf of Joseph Boateng, listing Ghana as the applicant's place of birth.

In addition, as the district court concluded, there were also reasons to question the veracity of the documents Boateng offered as evidence. The district court identified anomalies in several documents, indicative of a lack of authenticity. Moreover, transcripts of phone calls Boateng placed from the detention center cast doubt upon the reliability of his evidence. The transcripts revealed Boateng speaking with his brother and mother about the costs of procuring an immunization card and the information that should be included on it when his mother prepared it. The district court's determination that the Government bore its burden of establishing alienage, even if it had admitted the documents Boateng offered as evidence, "is plausible in light of the record viewed in its entirety." *Mondaca-Vega*, 808 F.3d at 426 (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)).

Boateng failed to establish that the Government violated his Fourth Amendment rights by wiretapping the phone calls he placed from the detention center. The Fourth Amendment is only triggered if the Government "intrudes into an area in which there is a 'constitutionally protected reasonable expectation of privacy.'" *United States v. Van Poyck*, 77 F.3d 285, 290 (9th Cir. 1996) (quoting *New York v. Class*, 475 U.S. 106, 112 (1986)). "[A] 'constitutionally protected reasonable expectation of privacy' exists only if (1) the defendant has an 'actual

3

subjective expectation of privacy' in the place searched and (2) society is objectively prepared to recognize that expectation." *Id.* (quoting *United States v. Davis*, 932 F.2d 752, 756 (9th Cir. 1991)). Even if Boateng could establish a reasonable expectation of privacy in calls placed from the detention center, he could not prove that the wiretap was unreasonable, as "institutional security concerns justify such recordings and render them reasonable for Fourth Amendment purposes." *Id.* at 291.

Boateng did not demonstrate that the wiretap violated 18 U.S.C. § 2511. Although 18 U.S.C. § 2511(1)(b) forbids the intentional use of any "electronic, mechanical, or other device to intercept any oral communication," because "oral communications may be intercepted by investigative and law enforcement officers acting in the ordinary course of their duties," and because implied consent may be found when an individual used a phone where warnings of recording had been issued, Boateng has not shown a violation of the statute. *See Van Poyck*, 77 F.3d at 291-92.

Boateng's due process rights to a full and fair hearing were not violated by the Government's failure to provide his A-file during the district court proceedings. To prevail on a due process claim, an individual must establish that the proceeding was "so fundamentally unfair," that he "was prevented from

4

reasonably presenting his case," and that this caused prejudice, meaning "the outcome of the proceeding may have been affected by the alleged violation." *Dent v. Holder*, 627 F.3d 365, 373 (9th Cir. 2010). Here, regardless of whether the Government should have produced the A-file during his removal proceedings, the A-file has since been given to Boateng and he has not shown that the documents could reasonably have affected the outcome of the proceeding, thereby failing to establish prejudice. *See id.*

**PETITION FOR REVIEW DENIED.**